IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA SPENCE, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 10-cv-368-DRH |
| vs. ) | |
| ) | CRIMINAL NO. 08-cr-30170 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.." After carefully reviewing the motion in the present case and the Court's own records, the Court concludes that Petitioner is not entitled to relief, and the motion must be dismissed.

Pursuant to a written Plea Agreement and Stipulation of Facts, Petitioner pleaded guilty to conspiring to distribute and possess with intent to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was sentenced to 30 months imprisonment, 3 years supervised release, a $100 assessment, and a $300 fine. Petitioner did not appeal either her conviction or her sentence. In the instant motion, Petitioner contends (1) that she had no "profit motive . . to engage in any alleged conspiracy"; (2) that her sentence is too long since this is her first crime; (3) that she has a

low risk of recidivism; and (4) on the advice of counsel, she voluntarily disclosed to the pre-trial services officer criminal activity carried out by one of her co-conspirators..

Petitioner entered into a Plea Agreement with the Government in an attempt to benefit herself.  In exchange for the benefitss he received, she waived her right to a direct appeal and to a collateral attack under § 2255.  Specifically, the Plea Agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence.  Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives her right to contest any aspect of her conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

Plea Agreement at ¶ III.2 (Doc. 100, criminal case).

Moreover, with regard to her sentence, the Plea Agreement states that:

> The Government submits to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, the Defendant will have an Offense Level of 19 and a Criminal History Category of I, where the sentencing range is 30-37 months.

(*Id*. at ¶ II.3).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge

sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of § 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon her relevant conduct. The maximum penalty for the crime in question is not more than 40 years imprisonment. 21 U.S.C. §§ 841(b)(B)(1). Based upon the conduct to which Petitioner admitted and others attributed to her, her applicable range of imprisonment was 30 to 37 months; Petitioner ultimately was sentenced to 30 months imprisonment. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced her above the statutory maximum.

Because the waiver provisions of a plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255 motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice. All pending motions are **DENIED**

as moot.

**IT IS SO ORDERED.**

**DATED:** July 14, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**